11 CIV 6916

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL HOUSING FINANCE AGENCY, AS
CONSERVATOR FOR THE FEDERAL NATIONAL
MORTGAGE ASSOCIATION AND THE FEDERAL
HOME LOAN MORTGAGE CORPORATION,

                Plaintiffs,

v.

COUNTRYWIDE FINANCIAL CORPORATION;
COUNTRYWIDE HOME LOANS, INC.;
COUNTRYWIDE CAPITAL MARKETS, LLC;
COUNTRYWIDE SECURITIES CORPORATION; CWALT INC.; CWABS, INC.; CWMBS,
INC.; BANK OF AMERICA CORPORATION; BANK
OF AMERICA, N.A.; NB HOLDINGS
CORPORATION; BANC OF AMERICA SECURITIES
LLC; CITIGROUP GLOBAL MARKETS, INC.;
DEUTSCHE BANK SECURITIES INC.; RBS
SECURITIES, INC. (f/k/a GREENWICH CAPITAL
MARKETS, INC.); UBS SECURITIES, LLC; N.
JOSHUA ADLER; THOMAS H. BOONE; JEFFREY P.
GROGIN; RANJIT KRIPALANI; STANFORD
KURLAND; THOMAS KEITH MCLAUGHLIN;
JENNIFER S. SANDEFUR; ERIC SIERACKI; DAVID
A. SPECTOR;

                Defendants.

---

Case No.

Removed From: 
Supreme Court of the State of
New York, County of New
York, Index No. 652436/2011

**COUNTRYWIDE
DEFENDANTS' NOTICE
OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Capital Markets, LLC, Countrywide Securities Corporation, CWALT, Inc., CWABS, Inc., CWMBS, Inc., N. Joshua Adler (collectively, the "Countrywide Defendants"), hereby remove Case No. 652436/2011, filed in the Supreme Court of the State of New York, County of New York, and all claims and causes of action therein (the "Action"), to the United States District Court for the Southern District of New York.[1] In support of this notice, the Countrywide Defendants state as follows:

1. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), because this Action is "related to" pending Title 11 bankruptcy proceedings. Accordingly, this action may be removed pursuant to 28 U.S.C. § 1452(a).

2. This Action is civil in nature, a corporation organized under the laws of the United States is a party, and the Action arises out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States. Accordingly, this action may be removed pursuant to 12 U.S.C. § 632.

3. In addition, this Court has original jurisdiction over this Action pursuant to the following statutes:

- 28 U.S.C. § 1345, because plaintiff Federal Housing Finance Agency (the "FHFA") is an agency of the United States under 12 U.S.C. § 4511(a), and the Federal Home Loan Mortgage Corporation ("Freddie Mac") is deemed to be an agency of the United States under 12 U.S.C. § 1452(f)(1), and both the FHFA and Freddie Mac are expressly authorized to sue under 12 U.S.C. § 4617(b)(2)(A), 12 U.S.C. § 1723a(a), and 12 U.S.C. § 1452(c)(7).

- 12 U.S.C. § 1452(f)(2), which provides that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and

---

[1] The Countrywide Defendants specially appear only for the purpose of removal. They reserve all defenses available to them, including without limitation all defenses with respect to personal jurisdiction and otherwise.

the district courts of the United States shall have original jurisdiction of all such actions";

- 28 U.S.C. § 1349, which courts have interpreted to confer federal question jurisdiction on a civil action "by or against any corporation" that was incorporated by Congress and in which the federal government has a controlling interest; and

- 28 U.S.C. § 1331, because Plaintiff brings claims under the Securities Act of 1933, which "arise under" the laws of the United States.

4. This Court is part of the "district and division" embracing the place where this Action was filed—New York, New York, in New York County, New York. *See* 28 U.S.C. §§ 112(b), 1446(a).

## I.     PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

5. On or about September 2, 2011, plaintiff FHFA, as conservator for the Federal National Mortgage Association ("Fannie Mae") and Freddie Mac filed a summons (the "Summons") and a complaint (the "Complaint") in this action in the Supreme Court of the State of New York in the County of New York. The case, captioned *Federal Housing Finance Agency v. Countrywide Financial Corporation, et al.*, was assigned Case Number 652436/2011. Service of the Summons and Complaint was effected on the Countrywide Defendants beginning on September 9, 2011, with service to CT Corporation as agent for certain of the Countrywide Defendants. Copies of the Summons and Complaint are attached hereto as Exhibit 1.

6. The Complaint alleges, among other things, that from 2005 to 2008 Fannie Mae and Freddie Mac purchased 86 Countrywide-issued residential mortgage-backed securities ("MBS"), identified by Plaintiff in Paragraph 2, Table 1 of the Complaint. Plaintiff alleges that the offering documents filed with the Securities and Exchange Commission in connection with those MBS contained misstatements and omissions in violation of Sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act"), as well as state statutory and common law. The Complaint also alleged successor and vicarious liability against defendant Bank of America

Corporation and two of its subsidiaries. The Countrywide Defendants deny that they have violated either federal or state law and dispute that they have any liability whatsoever to Plaintiff.

7.  The Countrywide Defendants' time to answer the Complaint has not expired, and none of the defendants to the Action has filed an answer.

8.  No motions or other proceedings in this Action are pending in the Supreme Court of New York, New York County.

9.  This notice of removal is timely under 12 U.S.C. § 632 because it is being filed before trial. This notice of removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of service of the Summons and the Complaint on the Countrywide Defendants.

## II.  REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(a) ("RELATED-TO" BANKRUPTCY JURISDICTION)

10. Removal is proper under 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334, in turn, confers jurisdiction upon this Court of all civil proceedings that are "related to cases under title 11" of the U.S. Code (*i.e.*, the Bankruptcy Code).

11. "Related-to" bankruptcy jurisdiction does not require that any of the parties to this case be in bankruptcy. *E.g., Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308-12 (C.D. Cal. 2010) ("related to" jurisdiction existed notwithstanding fact that "all parties to this lawsuit are non-debtors").

4

12. The allegations against the Countrywide Defendants arise in part from MBS certificates backed by mortgage loans originated or acquired by entities that are the subject of pending bankruptcy proceedings initiated by the filing of petitions for relief under the United States Bankruptcy Code (the "Bankrupt Originators"), which loans the Countrywide Defendants purchased and which were then included in the mortgage loan pools backing the MBS certificates at issue in this case. Plaintiff's allegations in this case concern misstatements that allegedly were made regarding the underwriting and characteristics of the mortgage loans backing the MBS certificates that Freddie Mac and Fannie Mae bought, including the loans in the pools from the Bankrupt Originators. The Countrywide Defendants thus have claims against the Bankrupt Originators for indemnification, contribution, and/or other obligations (the "Indemnification Claims") relating to these loans from the Bankrupt Originators that back the MBS that are the subject of Plaintiff's allegations in this Action. These Indemnification Claims are based on loan purchase and other agreements with the Bankrupt Originators, which provide indemnification for the benefit of certain Countrywide Defendants, including but not limited to indemnification arising out of any alleged misstatements or omissions concerning the mortgage loans acquired from the Bankrupt Originators, as well as statutory and common law. Numerous courts have held that materially indistinguishable indemnification provisions confer "related to" bankruptcy jurisdiction in mortgage-backed securities litigation. *See Lone Star Fund V*, 594 F.3d at 387; *Massachusetts Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec, Inc.*, 399 B.R. 119, 123 (E.D.N.Y. 2009); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 317-319 (E.D.N.Y. 2008); *Stichting Pensioenfonds ABP*, 447 B.R. at 309-11.

13. The aggregate original principal amount of the loans purchased by the Countrywide Defendants from the Bankrupt Originators and which loans now back the MBS at issue in this case exceeds $2 billion. The Bankrupt Originators include but are not limited to Ace Mortgage Funding LLC; Alliance Bancorp; Alliance Bancorp, Inc. (f/k/a United Financial Mortgage Corp.); American Home Mortgage Corporation; Cameron Financial Group, Inc.; ComUnity Lending, Inc.; Fieldstone Mortgage Company; First NLC Financial Services LLC; Homebanc Mortgage Corporation; Maverick Residential Mortgage, Inc. (a/k/a The Mortgage Company); Mountain View Mortgage Company; and Premier Mortgage Funding, Inc. The bankruptcy cases pending as to each of the Bankrupt Originators referenced above, including the bankruptcy courts in which each case is pending, are set forth in the table below. Certain of the Countrywide Defendants have filed proofs of claim in each of these bankruptcy proceedings. Copies of those proofs of claim are attached hereto as Exhibits 2 – 14, as set forth in the table below:

| | |
|---|---|
| *In re Ace Mortgage Funding, LLC*, Case No. 08-12645 (D. Del.) | Exhibit 2 |
| *In re Alliance Bancorp*, Case No. 07-10942 (D. Del.) | Exhibit 3 |
| *In re Alliance Bancorp Inc.*, Case No. 07-10943 (D. Del.) | Exhibit 4 |
| *In re American Home Mortgage Corp.*, Case No. 07-11051 (D. Del.) | Exhibit 5 |
| *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (D. Del.) | Exhibit 6 |
| *In re Cameron Financial Group, Inc.*, Case No. 08-10322 (C.D. Cal.) | Exhibit 7 |
| *In re ComUnity Lending, Inc.*, Case No. 08-50030 (N.D. Cal.) | Exhibit 8 |
| *In re Fieldstone Mortgage Company*, Case No. 07-21814 (D. Md.) | Exhibit 9 |
| *In re First NLC Financial Services, LLC*, Case No. 08-10632 (S.D. Fla.) | Exhibit 10 |
| *In re Homebanc Mortgage Corp.*, Case No. 07-11079 (D. Del.) | Exhibit 11 |

| | |
|---|---|
| *In re Maverick Residential Mortgage, Inc.*, Case. No. 08-40352 (E.D. Tex.) | Exhibit 12 |
| *In re Mountain View Mortgage Co.*, Case No. 10-21356 (D. Nev.) | Exhibit 13 |
| *In re Premier Mortgage Funding, Inc.*, Case No. 07-05713 (M.D. Fla.) | Exhibit 14 |

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court by the Countrywide Defendants pursuant to 28 U.S.C. § 1452(a), because this lawsuit is "related to" the bankruptcy cases identified in paragraph 13 above. *See, e.g., Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) ("For the purposes of removal jurisdiction, a civil proceeding is 'related to' a title 11 case if the action's outcome might have any 'conceivable effect' on the bankrupt estate.") (internal quotations and citations omitted); *Lone Star*, 594 F.3d at 386; *Abbatiello v. Monsanto Co.*, No. 06 Civ. 266 (KMW), 2007 WL 747804, at *2-3 (S.D.N.Y. Mar. 8, 2007) (same); *City of Ann Arbor*, 572 F. Supp. 2d at 315, 318-19 (same); *In re River Ctr. Holdings, LLC*, 288 B.R. 59, 64-66 (Bankr. S.D.N.Y. 2003) (same). This lawsuit relates to the Bankrupt Originators' bankruptcy proceedings identified in paragraph 13 of this notice because certain of the Countrywide Defendants have Indemnification Claims against the Bankrupt Originators for, among other things, expenses incurred to defend this Action and any judgment against or other amounts paid in resolution of this Action. Accordingly, this Action "relates to" such bankruptcy actions because it could conceivably affect the bankruptcy estates of the Bankrupt Originators,[2] and it therefore may be removed pursuant to 28 U.S.C. § 1452(a).

---

[2] Assuming, *arguendo*, that it were necessary for the Countrywide Defendants to show a "close nexus" to a federal bankruptcy proceeding, which it is not, this case would still be related to those bankruptcies within the meaning of 28 U.S.C. § 1334(b), because the Countrywide Defendants' claims against the Bankrupt Originators directly affect the administration of their bankruptcy proceedings and the amounts available for distribution to creditors in those proceedings. *See, e.g., Stichting Pensioenfonds ABP*, 447 B.R. at 310-11.

7

15. Consent to removal is not required under the bankruptcy removal statute. *See* 28 U.S.C. § 1452(a). In any event, all defendants consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

### III. REMOVAL IS PROPER UNDER 12 U.S.C. § 632 (EDGE ACT)

16. This Court has original jurisdiction over this action pursuant to the Edge Act, 12 U.S.C. § 632, which states in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

17. The Action is civil in nature. Plaintiff brings seven statutory and four common law causes of action in its Complaint.

18. Among the defendants in this Action is Bank of America, N.A., which is organized under the laws of the United States as a federally-chartered bank. *See Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 214-15 (S.D.N.Y. 2005) (noting that Bank of America, N.A. is a corporation organized under the laws of the United States, satisfying Section 632).

19. Plaintiff's claims concern alleged mortgage lending practices of the Countrywide Defendants and other originators of mortgage loans in, among other places, dependencies and insular possessions of the United States. Investors were specifically informed in the offering materials that the pools of loans underlying the MBS at issue in this case could include loans secured by real properties located in dependencies and insular possessions of the United States.

*See, e.g.,* Prospectus Supplement, Alternative Loan Trust Mortgage Pass-Through Certificates, Series 2005-83CB, at 13 (Dec. 28, 2005). In fact, some loans secured by such properties were included in those pools. Accordingly, 12 U.S.C. § 632 confers jurisdiction upon this Court over this action. *See, e.g., Burgos v. Citibank, N.A.,* 432 F.3d 46, 47 n.1, 49 (1st Cir. 2005) ("Section 632 applies to banking transactions in Puerto Rico," such as "mortgage loan agreements."); *People of Puerto Rico v. Eastern Sugar Assocs.,* 156 F.2d 316, 318-20 (1st Cir. 1946) (holding that federal jurisdiction under Edge Act was "clear" where suit arose out of petition to condemn land in Puerto Rico where one defendant was bank holding mortgage on the land).

20. Moreover, subsidiaries of foreign banks (1) originated some of the mortgage loans included in the MBS collateral pools at issue in this Action and (2) served as underwriters for some of the MBS concerning which Plaintiff has filed suit. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.,* 629 F.2d 786, 792 (2d Cir. 1980) (holding that jurisdiction existed under Section 632 based on a transaction in New York where a federally chartered bank—although no longer a defendant in the action—was alleged to have wrongfully allowed a New York corporation to draw upon a letter of credit issued for the benefit of a Venezuelan corporation); *Contitrade Servs. Corp. v. Eddie Bauer, Inc.,* 794 F. Supp. 514, 517 (S.D.N.Y. 1992) (holding that Section 632 jurisdiction existed where two of eight letters of credit issued by a national bank for an American company benefitted a foreign corporation).

21. "A suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking." *Bank of Am. Corp.*, 385 F. Supp. 2d at 214 (emphasis in original) (citation omitted). Federal courts "routinely" extend federal jurisdiction on the basis of Section 632 "in cases based on state law causes of action and containing only an incidental connection to banking law," and "even though the international or

9

foreign banking activity was not central to the case." *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 340 (S.D.N.Y. 1996) (collecting cases). *Accord Pinto v. Bank One Corp.*, No. 02 Civ. 8477 NRB, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) (holding that credit card transactions at issue were "foreign" for purposes of Section 632 when only five of them—"a small portion of the total listed on all [plaintiff's] statements"—used a non-party bank located in Bermuda as a merchant bank).

22. Consent is not required. *See* 12 U.S.C. § 632. In any event, all defendants consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

### IV. SECTION 22(A) OF THE SECURITIES ACT DOES NOT PRECLUDE REMOVAL

23. Plaintiffs' claims under the Securities Act of 1933 do not render this Action non-removable under the "removal bar" provision of Section 22(a) of the Securities Act, 15 U.S.C. § 77v ("Section 22(a)"). Section 22(a) only precludes the removal of actions removed under the general removal statute, 28 U.S.C. § 1441(a), which permits removal "[e]xcept as otherwise expressly provided by an act of Congress" and "does not prevent removal based on other grounds." *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03-813GLT(ANX), 2003 WL 22025158, at *2 (C.D. Cal. June 30, 2003). Claims removed pursuant to the Edge Act or pursuant to jurisdiction "related to" bankruptcy are removed under those statutes' separate removal provisions and therefore not pursuant to Section 1441(a). *See Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 108 (2d Cir. 2004).

### V. EQUITABLE CONSIDERATIONS SUPPORT REMOVAL

24. Equitable considerations and efficiencies further support the exercise of jurisdiction over this Action.

A.  **Numerous Similar MBS Cases Are Pending in Federal Court, Including Cases That Are Part Of The Countrywide MBS Multidistrict Litigation Proceeding.**

25.  On August 15, 2011, the federal Judicial Panel on Multidistrict Litigation ("MDL Panel") established a multidistrict litigation ("MDL") proceeding for cases such as this one concerning Countrywide-issued MBS certificates, centralizing such actions for consolidated or coordinated pre-trial proceedings before the Honorable Mariana Pfaelzer in the U.S. District Court for the Central District of California. There are currently twelve cases (including both putative MBS class actions and individual, non-class cases) that have been transferred into the Countrywide MBS MDL, or subject to orders issued by the MDL Panel conditionally transferring those actions to the Countrywide MDL. In addition, Judge Pfaelzer has pending before her other MBS securities actions that were filed in California and are subject to coordination by Judge Pfaelzer with the actions comprising the MDL.

26.  Moreover, plaintiff FHFA has filed thirteen other actions concerning the purchase by Freddie Mac and Fannie Mae of mortgage-backed securities in federal district court, each of which assert federal claims on behalf of a federal agency that are substantially identical to the claims asserted in this Action. Indeed, the Honorable Lewis Kaplan of the Southern District of New York issued an order on behalf of all the judges in the twelve federal actions filed on September 2, 2011, recognizing that these actions "preliminarily appear to bear substantial similarities and to raise similar issues." *FHFA v. HSBC N. Am. Holdings, Inc., et. al.*, No. 11 Civ. 6189 (LAK) (S.D.N.Y. Sept. 16, 2011) (Docket No. 4).

B.  **Numerous Other Bases of Federal Jurisdiction Exist, Making This Action An Appropriate One To Be Heard In Federal Court.**

27.  *First*, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1345. Congress has provided that "the district courts shall have original jurisdiction of all civil

actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. The FHFA is indisputably a federal agency. In its complaint in *Federal Housing Finance Agency v. UBS Americas Inc., et al.*, No. 11 Civ. 5201 (S.D.N.Y.), filed on July 27, 2011, the FHFA itself claimed that "[j]urisdiction of this Court is founded upon 28 U.S.C. § 1345, which gives federal courts original jurisdiction over claims brought by FHFA in its capacity as conservator of Fannie Mae and Freddie Mac." ¶ 22. *See also In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831 (PAC), 2009 WL 4067266, at *1, 3 (S.D.N.Y. Nov. 24, 2009) ("FHFA is an agency of the United States Government and acts as the conservator for Fannie Mae."). Moreover, this Court also has jurisdiction pursuant to 28 U.S.C. § 1345 because Freddie Mac's authorizing statute provides that Freddie Mac "shall be deemed to be an agency included in sections 1345 and 1442 of such title 28." 12 U.S.C. § 1452(f)(1).[3]

28.  *Second*, this Court has original jurisdiction over this Action pursuant to 12 U.S.C. § 1452(f)(2). Congress has provided that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United Sates, and the district courts of the United

---

[3] The FHFA was created by the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654. HERA provides that the FHFA "shall, as conservator or receiver, and by operation of law, immediately succeed to (i) all rights, titles, powers, and privileges of the regulated entity," 12 U.S.C. § 4617(b)(2)(A), and may "perform all functions of the regulated entity in the name of the regulated entity," 12 U.S.C. § 4617(b)(2)(B)(iii). In addition, the statute provides that "[i]n the event of any appealable judgment, the [FHFA] as conservator or receiver (i) shall have all of the rights and remedies available to the regulated entity (before the appointment of such conservator or receiver). . . ." 12 U.S.C. § 4617(b)(11)(B). The FHFA became the conservator of Freddie Mac on September 6, 2008. Pursuant to HERA, the FHFA therefore succeeded to all of Freddie Mac's "rights, titles, powers, and privileges," including the authority to bring this Action "in the name of" Freddie Mac. 12 U.S.C. § 4617(b)(2)(A). *See also* Compl. ¶ 13 ("In that capacity [as conservator for Fannie Mae and Freddie Mac], FHFA has the authority to exercise all rights and remedies of the GSEs, including but not limited to, the authority to bring suits on behalf of and/or for the benefit of Fannie Mae and Freddie Mac.").

States shall have original jurisdiction of all such actions." 12 U.S.C. § 1452(f)(2). *See Canales v. Federal Home Loan Mortg. Corp.*, No. CV 1-2819 PSG (VBKx), 2011 WL 3320478, at *3 (C.D. Cal. Aug. 1, 2011) ("The statute addressing Freddie Mac's charter states that 'all civil actions to which the [Freddie Mac] Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value.' . . . Freddie Mac's presence in this action thus confers upon the Court subject matter jurisdiction to hear this case."). *See supra*, n.3.

29. *Third*, this court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1349. Courts have routinely held that federal courts have federal question jurisdiction pursuant to 28 U.S.C. § 1349 over civil actions "by or against any corporation upon the ground that it was incorporated by or under an Act of Congress" as long as "the United States is the owner of more than one-half of its capital stock." *See, e.g., Adkins, v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 834 (7th Cir. 2003); *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 924 (S.D.N.Y. 1995). Section 1349 confers jurisdiction even where the government has no literal stock ownership in the entity in question. To the contrary, Section 1349 was meant "to preserve federal question jurisdiction over federally-chartered corporations in which the Government has the controlling interest," and "use of the words 'unless the United States is the owner of more than one-half of its capital stock' simply represents a short-hand expression for control." *Gov't Nat'l Mortg. Ass'n v. Terry*, 608 F.2d 614, 621 n.10 (5th Cir. 1979). *See also C.H. v. Am. Red Cross*, 684 F. Supp. 1018, 1022 (E.D. Mo. 1987) ("The foregoing legislative history demonstrates that Section 1349 was intended to confer federal jurisdiction on suits involving all 'Government-controlled corporations' and not only those corporations controlled by the government by virtue of majority stock ownership."). Freddie Mac was incorporated by an act of Congress and is entirely

controlled by the FHFA. *See* 12 U.S.C. § 4617(b)(2); *see also Esther Sadowsky Testamentary Trust v. Syron*, 639 F. Supp. 2d 347, 350 (S.D.N.Y. 2009) ("[U]nder the plain language of HERA, 'all rights, titles, powers, and privileges' of Freddie Mac's shareholders are now vested in the FHFA."). Therefore, federal district courts have federal question jurisdiction over this matter.

30.  *Fourth*, this Court has original jurisdiction over this Action under 28 U.S.C. § 1331 because Plaintiff brings claims under Sections 11 and 12(a) of the Securities Act of 1933, and these claims "arise under" the laws of the United States. 28 U.S.C. § 1331.

## VI.  PROCEDURAL REQUIREMENTS AND LOCAL RULES

31.  The Countrywide Defendants state that the claims asserted against them are non-core, within the meaning of 28 U.S.C. § 157(b)(2). As required by Fed. R. Bankr. P. 9027(a)(1), the Countrywide Defendants state that they do not consent to entry of final order of judgment by any bankruptcy judge.

32.  Pursuant to 28 U.S.C. § 1446(d), the Countrywide Defendants will serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy with the Clerk of the Supreme Court of New York, County of New York. Pursuant to 28 U.S.C. § 1446(a), and attached hereto as Exhibit 15, is a copy of a Notice of Filing of Notice of Removal, which the Countrywide Defendants are filing concurrently with the Clerk of the Supreme Court of New York, County of New York.

33.  The Countrywide Defendants sign this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

34.  The Countrywide Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal."

28 U.S.C. 1446(a); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props Meridien Square, Inc.*, 30 F.3d 298, 306 (2d Cir. 1994).

## VII. CONCLUSION

35. This Court has original jurisdiction over this Action, and this Action is removable pursuant to 28 U.S.C. § 1334 and § 1452 and 12 U.S.C. § 632.

BASED ON THE FOREGOING, the Countrywide Defendants hereby remove this Action, now pending in the Supreme Court of the State of New York, County of New York, Case No. 652436/2011, to the United States District Court for the Southern District of New York.

Dated: **September 30, 2011**

Respectfully submitted,

*/s/ Mark Holland*

Mark Holland (MH6494)
mholland@goodwinprocter.com
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel. (212) 813-8800

Brian E. Pastuszenski (*pro hac vice* application forthcoming)
bpastuszenski@goodwinprocter.com
Don M. Kennedy (*pro hac vice* application forthcoming)
dkennedy@goodwinprocter.com
John J. Falvey (*pro hac vice* application forthcoming)
jfalvey@goodwinprocter.com
John B. Daukas (*pro hac vice* application forthcoming)
jdaukas@goodwinprocter.com
Alexis L. Shapiro (AS7538)
ashapiro@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02110
Tel. (617) 570-1000

*Attorneys for Defendants Countrywide Financial Corporation,*

*Countrywide Home Loans, Inc., Countrywide Capital Markets, LLC, Countrywide Securities Corporation, CWALT, Inc., CWMBS, Inc., and CWABS, Inc., CWMBS, Inc., and N. Joshua Adler*