**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

FILED
CLERK, U.S. DISTRICT COURT

02-08-12

CENTRAL DISTRICT OF CALIFORNIA
BY: SB                    DEPUTY

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE-BACKED SECURITIES LITIGATION
    Federal Housing Finance Agency, As Conservator For The Federal   )
        National Mortgage Association, et al. v. Countrywide   )
        Financial Corp., et al., S.D. New York,   )   MDL No. 2265
        ~~C.A. No. 1:11-6916~~   )

2:12-cv-01059 MRP (MANx)

**TRANSFER ORDER**

    **Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff Federal Housing Finance Agency (FHFA), as conservator for The Federal National Mortgage Association (Fannie Mae) and The Federal Home Loan Mortgage Corporation (Freddie Mac), moves to vacate our order that conditionally transferred its action to MDL No. 2265. Certain defendants[1] oppose the motion and favor inclusion of *FHFA* in MDL No. 2265.

    After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2265, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Central District of California was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that Countrywide and affiliated defendants misrepresented to investors in Countrywide mortgage-backed securities (MBS) origination practices for, and the credit quality of, the mortgage loans Countrywide originated from 2004 to 2007. *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2011 WL 3569969 (J.P.M.L. Aug. 15, 2011). Plaintiff alleges that Fannie Mae and Freddie Mac purchased Countrywide mortgage-backed securities, and this action shares questions of fact with the actions in MDL No. 2265.

    In opposition to inclusion of its action in MDL No. 2265, plaintiff FHFA argues that sixteen similar actions brought by it against different MBS issuers are pending in the Southern District of New York and one judge is coordinating *FHFA* and these other cases. While this coordination is laudable, transferring *FHFA* to the MDL proceedings will promote the just and efficient conduct of all

---

    [*] Judge W. Royal Furgeson, Jr. took no part in the decision of this matter.

    [1] Countrywide Financial Corp. (Countrywide); Countrywide Capital Markets, LLC; Countrywide Home Loans, Inc.; Countrywide Securities Corp.; Cwmbs, Inc.; CWabs, Inc.; CWalt Inc.; and Joshua N. Adler; Banc of America Securities LLC; Bank of America, N.A.; Bank of America Corp. (Bank of America); and NB Holdings Corp.; and Stanford L. Kurland and Jeffrey P. Grogin.

-2-

Countrywide MBS cases. Inclusion of all *FHFA* Countrywide MBS claims ensures that a single judge presides over these Countrywide MBS actions providing consistency, preventing conflicting rulings, and greatly reducing the duplicative expenditure of judicial and party resources. Furthermore, plaintiff can present its pending motion for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). Transfer of *FHFA* will not delay unnecessarily the resolution of the pending remand motion. The transferee judge has resolved quickly remand motions in other Countrywide MBS cases before her.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Mariana R. Pfaelzer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         Barbara S. Jones
Paul J. Barbadoro         Marjorie O. Rendell
Charles R. Breyer

I hereby attest and certify on _____ that the foregoing document is full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK