David Spears (*pro hac vice* application pending)
dspears@spearsimes.com
Christopher W. Dysard (*pro hac vice* application pending)
cdysard@spearsimes.com
**SPEARS & IMES LLP**
51 Madison Avenue
New York, New York  10010
Telephone:  212.213.6996
Facsimile:  212.213.0849

Dean J. Kitchens (Bar No. 82096)
dkitchens@gibsondunn.com
Alexander K. Mircheff (Bar No. 245074)
amircheff@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for UBS Securities LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>        Defendants. | Case No. 12-CV-01059-MRP (MANx)<br><br>**ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE AND BAR ORDER** |

WHEREAS, the Court has been informed that Plaintiff Federal Housing Finance Agency ("FHFA") and Defendant UBS Securities LLC ("UBS Securities") (together, the "Settling Parties") have reached a settlement and entered into a

1  Settlement Agreement in connection with the above-captioned action (the
2  "Action"); and
3      WHEREAS, the Settling Parties have moved this Court for entry of an order
4  of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) dismissing the Action,
5  and all claims therein, as against UBS Securities only, with prejudice and without
6  costs, and providing for an order barring claims by the remaining, non-settling
7  defendants in this Action and any other alleged joint tortfeasors for contribution or
8  indemnity; and
9      WHEREAS, for good cause shown, and upon due consideration of the
10 Settling Parties' motion for entry of this Order of Voluntary Dismissal with
11 Prejudice and Bar Order;
12     IT IS ORDERED that the amended complaint in this Action, served on or
13 about June 29, 2012, and all claims contained therein, is hereby dismissed with
14 prejudice and without costs as against UBS Securities only;
15     IT IS ORDERED that (a) Countrywide Financial Corporation; Countrywide
16 Home Loans, Inc.; Countrywide Capital Markets, LLC; Countrywide Securities
17 Corporation; CWALT, Inc.; CWABS, Inc.; CWMBS, Inc.; Bank of America
18 Corporation; Bank of America, N.A.; NB Holdings Corporation; Banc of America
19 Securities LLC; CitiGroup Global Markets, Inc.; Deutsche Bank Securities, Inc.;
20 RBS Securities, Inc.; N. Joshua Adler; Ranjit Kripalani; Stanford Kurland; Jennifer
21 S. Sandefur; Eric Sieracki; and David A. Spector, (b) any other person or entity later
22 named as a defendant in this Action, and (c) any other person or entity that becomes
23 liable to Plaintiff, to any current non-settling defendant in this Action, or to any
24 other alleged tortfeasor, by reason of judgment or settlement, for any claims that are
25 or could have been asserted in this Action or that arise out of or relate to the claims
26 asserted in this Action (collectively, the "Non-Settling Defendants"), are hereby
27 permanently BARRED, ENJOINED and RESTRAINED from commencing,
28 prosecuting, or asserting any claim for contribution or indemnity (whether styled as

a claim for contribution, indemnity or otherwise) against UBS Securities, its present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, insurers (but not affecting any obligation owed to UBS Securities by any insurer), and agents of each of them, and the predecessors, heirs, successors and assigns of each (collectively, the "Settling Defendant"), that seeks to recover from the Settling Defendant any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants in this Action or that arise out of or relate to any claims that are or could have been asserted in this Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere;

　　　　IT IS FURTHER ORDERED that UBS Securities is hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against any of the Non-Settling Defendants that seeks to recover any part of the settlement payment to be made by UBS Securities to Plaintiff in connection with the settlement of this Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States;

　　　　IT IS FURTHER ORDERED that the Plaintiff shall provide any Non-Settling Defendant against which it obtains a judgment on claims related to the CWALT 2005-63, CWALT 2006-23CB, or CWL 2006-11 securitization a judgment credit in

an amount that is the greater of a) the amount of Plaintiff's settlement with UBS Securities in this Action allocated to the relevant security, as reflected on the confidential schedule attached to the Settling Parties' settlement agreement as Confidential Exhibit G (the "Confidential Schedule"), or b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of UBS Securities' fault as proven at trial;

IT IS FURTHER ORDERED that the Confidential Schedule shall not be disclosed, except as described below, directly or indirectly, to any person other than to a court of competent jurisdiction and necessary court personnel;

IT IS FURTHER ORDERED that, upon entry of a pre-trial order (i) in this Action, or (ii) in any other action involving a claim or claims against a Non-Settling Defendant that may give rise to a claim against the Settling Defendant that would be barred by this Order, the Confidential Schedule may be disclosed to:

   a. the following parties named in the Action: Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Countrywide Capital Markets, LLC; Countrywide Securities Corporation; CWALT, Inc.; CWABS, Inc.; CWMBS, Inc.; Bank of America Corporation; and Bank of America, N.A., as well as any party against whom Plaintiff or another Non-Settling Defendant subsequently brings claims in connection with the CWALT 2005-63, CWALT 2006-23CB, or CWL 2006-11 securitizations (together, the "Authorized Parties");
   b. the Authorized Parties' attorneys and partners, associates and employees of the attorneys' law firms;
   c. in-house attorneys for the Authorized Parties, regular employees of the in-house legal department of the Authorized Parties, and necessary management personnel for the Authorized Parties;

     d.  any expert retained or consulted by the Authorized Parties in connection with the above-captioned Action and those working under their direction or control;

  IT IS FURTHER ORDERED that prior to obtaining access to the Confidential Schedule, each Authorized Party shall review the terms and conditions of this Order and shall execute the attached Exhibit, agreeing to be bound by the terms and conditions set forth in this Order governing disclosure of the Confidential Schedule;

  IT IS FURTHER ORDERED that, in the event that counsel for any Authorized Party determines to file with a court the Confidential Schedule, information derived therefrom, or any papers containing or making reference to such information, any such filings shall be filed under seal;

  IT IS FURTHER ORDERED that this Court finds there is no just reason for delay and directs that final judgment be entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing the claims against UBS Securities with prejudice and without costs pursuant to Rule 41(a)(2).

  IT IS FURTHER ORDERED that UBS Securities shall bear its own costs, and FHFA shall bear the proportion of the costs it has incurred in the Action solely attributable to UBS Securities' presence in the Action.  This order does not affect FHFA's claims for costs and fees against the Non-Settling Defendants in this Action.  The hearing scheduled for September 10, 2013 at 1:30 p.m. is vacated.

Dated: September 4, 2013

_____
Hon. Mariana R. Pfaelzer
United States District Judge

-5-   Case No. 12 Civ. 01059-MRP (MANx)
ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE AND BAR ORDER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>    Defendants. | Case No. 12-CV-01059-MRP (MANx) |

<u>EXHIBIT</u>

**Agreement to Be Bound by Confidentiality Provisions in Order**

The undersigned counsel of an Authorized Party acknowledges having reviewed the terms and conditions regarding disclosure of the Confidential Schedule set forth in the Order of Voluntary Dismissal with Prejudice and Bar Order dated August __, 2013. By signing below, I agree that my client and I will be bound by the terms and conditions of the Order of Voluntary Dismissal with Prejudice and Bar Order with respect to the information contained on the Confidential Schedule.

_____
(Signature)

_____
(Printed Name)

_____
(Name of Authorized Party)

_____
(Date)